**FILED**

JAN 0 5 2005

LARRY W. PROPES, CLERK
COLUMBIA, S.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Shelby Insurance Company, ) | C.A. No. 4: 04-22502-25 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ANSWER |
| BOAD, Inc., d/b/a Charlotte ) | (Jury Trial Demanded) |
| Waterproofing, Inc., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Subject to Motions made herewith, the Defendant, BOAD, Inc. d/b/a Charlotte Waterproofing, answering the Complaint herein alleges:

**FOR A FIRST DEFENSE:**

1. That it denies each and every allegation of the Complaint unless hereinafter specifically admitted;

2. That it admits Paragraph One (1) upon information and belief;

3. That it admits Paragraph Two (2);

4. That Paragraph Three (3) sets forth jurisdictional allegations to which no response is required and it affirmatively alleges that this court should decline to exercise any jurisdiction that may exist since there is a related liability action pending in State Court;

5. That it admits Paragraphs Four (4), Five (5), Six (6), Seven (7), and Eight (8);

6. That it admits that Paragraph Nine (9) recites various portions of the policy and craves reference to the entire policy for all terms and conditions;

7. That it denies Paragraph Ten (10) as stated and craves reference to the Second Amended Complaint for the relevant allegations;

1

8. That it denies Paragraph Eleven (11) and affirmatively alleges that the allegations referred to are directed to Drake Development in the underlying lawsuit;

9. That it denies Paragraph Twelve (12);

10. That it incorporates herein by reference all allegations set forth in Paragraphs One (1) through Nine (9) in response to Paragraph Thirteen (13) of the Complaint;

11. That it denies Paragraph Fourteen (14);

12. That it incorporates herein by reference all allegations set forth in Paragraphs One (1) through Twelve (12) in response to Paragraph Fifteen (15) of the Complaint;

13. That it denies Paragraph Sixteen (16);

14. That it incorporates herein by reference all allegation set forth in Paragraphs One (1) through Thirteen (13) in response to Paragraph Seventeen (17) of the Complaint;

15. That it denies Paragraph Eighteen (18);

16. That it incorporates herein by reference all of the allegations set forth in Paragraphs One (1) through Fifteen (15) in response to Paragraph Nineteen (19) of the Complaint;

17. That it denies Paragraph Twenty (20);

18. That it incorporates herein by reference all of the allegations set forth in Paragraphs One (1) through Seventeen (17) in response to Paragraph Twenty-one (21) of the Complaint;

19. That it denies Paragraph Twenty-two (22);

20. That it incorporates herein by reference all of the allegations set forth in Paragraphs One (1) through Nineteen (19) in response to Paragraph Twenty-three (23) of the Complaint;

21.	That it incorporates herein by reference all of the allegations set forth in Paragraphs One (1) through Twenty (20) in response to Paragraph Twenty-four (24) of the Complaint;

## FOR A SECOND DEFENSE AND BY WAY OF FIRST COUNTERCLAIM

22.	That the allegations of the Second Amended Complaint in the underlying action are sufficient to trigger a duty to defend on the part of the Plaintiff;

23.	That the Plaintiff is obligated to defend the underlying lawsuit;

24.	That the Defendant is entitled to a declaration that the Plaintiff has a duty to defend the underlying lawsuit;

## FOR A THIRD DEFENSE AND BY WAY OF A SECOND COUNTERCLAIM

25.	That the Plaintiff in the underlying lawsuit has alleged that there is damage to the work and property of others at the building, including the work and property of the general contractor and other subcontractors as a result of the goods and services provided by the Defendant in the performance of its subcontract with the general contractor;

26.	That these damages to the work or property of others, if proved by the Plaintiff in the underlying action, constitute an occurrence under the terms, conditions and definitions of the policy at issue;

27.	That these damages, if proved by the Plaintiff in the underlying lawsuit, are covered by the insurance policy at issue as provided in the terms, conditions and definitions of the policy;

28.	That the Defendant is entitled to a declaration that any such damages proved by the Plaintiff in the underlying action are covered under the policy and that the Plaintiff has a duty to indemnify this Defendant for all such damages;

3

## FOR A FOURTH DEFENSE AND BY WAY OF A THIRD COUNTERCLAIM

29.     That the Defendant is entitled to recover attorney's fees and cost incurred in the defense of this matter and in establishing any coverage under the policy at issue;

WHEREFORE having fully answered the Complaint herein, the Defendant, BOAD, Inc. d/b/a Charlotte Waterproofing demands that the same be dismissed with cost and attorneys fees, that judgment be entered on its Counterclaims, that the court enter is Order declaring that the Plaintiff has a duty to defend and a duty to indemnify the Defendant for all claims in the underlying lawsuit and for such other and further relief as the court deems just and proper.

Respectfully submitted,

Francis M. Mack
RICHARDSON, PLOWDEN, CARPENTER, &
ROBINSON, P.A.
S.C. Bar #3505; Federal Ct. I.D. #3261
1600 Marion Street
Post Office Drawer 7788
Columbia, South Carolina 29202
(803) 771-4400
ATTORNEY FOR DEFENDANT,
BOAD, Inc. d/b/a Charlotte Waterproofing, Inc.

Dated: January 4, 2005
Columbia, SC

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Shelby Insurance Company, ) | C.A. No. 4: 04-22502-25 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CERTIFICATE OF SERVICE |
| BOAD, Inc., d/b/a Charlotte ) | |
| Waterproofing, Inc., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

I, the undersigned, an employee of Richardson, Plowden, Carpenter & Robinson, P.A., attorneys for the Defendant, BOAD, Inc., do hereby certify that I have served *BOAD's Answer to the Complaint* by causing a copy of the same to be deposited in a United States Postal Service mail box, postage prepaid and addressed as indicated below:

Matthew Mahoney
Young Clement Rivers, LLP
PO Box 993
Charleston, SC 29402
**Attorney for Plaintiff**
**Shelby Insurance Company**

_____
Amanda Y. Stork

Columbia, South Carolina
Dated: January 4, 2005

- 1 -